**IN THE COURT OF APPEALS OF IOWA**

No. 22-0547
Filed June 15, 2022

**IN THE INTEREST OF R.K. and F.K.,**
**Minor Children,**

**A.K., Mother,**
    Appellant**.**

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block,

Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her two children.

**AFFIRMED.**

Joseph G. Martin, Cedar Falls, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Tammy L. Banning of the Office of State Public Defender, Waterloo,

attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

This family came to the attention of the Iowa Department of Human Services (DHS) because of reports that the older of the two children—who was four years old at that time—frequently left the home without the parents' knowledge or supervision. The investigation that followed revealed a home that was unsafe and uninhabitable for the children. The safety concerns included animal and human feces on the floors; prescription medications accessible to the children; and rotting food and trash in the home resulting in the presence of maggots and flies. It was also discovered that the mother was allowing a registered sex offender to live in the home. The children were removed and placed with a foster family. Each child was adjudicated to be a child in need of assistance (CINA).

Throughout DHS involvement, the mother was offered extensive services to address her mental-health and parenting needs. Despite those services, significant concerns remained regarding the mother's ability to maintain a safe home for the children and to properly parent. The mother physically abused the older child during one of her visits, even though the visit was semi-supervised. Although the children's behavior and development improved dramatically after being placed in foster care, they suffered significant behavioral regressions following visits with the mother.

With little progress being made toward safe and effective parenting, the State filed petitions seeking to terminate the mother's parental rights. Following a hearing, the juvenile court terminated the mother's rights to the older child under Iowa Code section 232.116(1)(f) (2021) and to the younger child under section 232.116(1)(h). The father of the older child consented to the termination

of his rights. The rights of all putative fathers of the younger child were terminated. Only the mother appeals.

We review termination proceedings de novo.[1] "We give weight to the factual findings but are not bound by them. The paramount concern in a termination proceeding is the child[ren]'s best interests."[2]

As noted, the juvenile court terminated the mother's parental rights to the older child under section 232.116(1)(f)—requiring proof that the child is four years of age or older, was previously adjudicated CINA, has been removed from the custody of the parent for at least twelve of the last eighteen months, and cannot be returned safely to the parent at the present time. The mother's rights to the younger child were terminated under section 232.116(1)(h)—requiring proof that the child is three years of age or younger, was previously adjudicated CINA, has been removed from the custody of the parent for at least six of the last twelve months, and cannot be returned safely to the parent at the present time. On appeal, the mother seems to challenge only the fourth element of each statutory provision—that the children could not be returned to her care at the time of the termination hearing.[3] The State, however, contests error preservation on this point. On our review of the record, we agree with the State that error has not been preserved on this issue. While the mother contested termination, she did so by requesting an additional six months to allow for reunification. She did not contend that the State failed to meet the statutory requirements for termination. "It is a

---

[1] *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).
[2] *In re L.B.*, 970 N.W.2d at 313 (internal citation omitted).
[3] See Iowa Code § 232.116(1)(f)(4), (h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (stating "at the present time" means at the time of the termination hearing).

fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."[4]  Because the mother did not make arguments to the juvenile court that the State failed to meet its burden in proving the statutory grounds for termination, we find the issue is not preserved for our review.  Although not preserved for our review, we have conducted a de novo review of the record nevertheless, and we find clear and convincing evidence that the children could not be returned to the mother's custody at the time of the termination hearing.  The statutory grounds for termination have been met.

The remaining issue is the mother's claim that she should have been granted an additional six months to work toward reunification.  If the juvenile court decides not to terminate parental rights, it can choose any of the permanency options set forth in Iowa Code section 232.104.[5]  One of those options is to give the parent an additional six months to work toward reunification.[6]  In order to select this option, however, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."[7]  With the request for additional time, not only must the mother show that the conditions will no longer exist after an

---

[4] *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).
[5] Iowa Code § 232.117(5).
[6] Iowa Code § 232.104(2)(b).
[7] Iowa Code § 232.104(2)(b).

additional six months, but we must also consider whether an additional delay is in the children's best interests.[8]

We agree with the juvenile court that there are no articulable facts that point to the children being able to be returned to the mother's custody after an additional six months. The children were removed from the mother's custody for nearly seventeen months at the time of the termination hearing (from September 2020 to February 2022) with no trial periods at home. At the time of termination, the mother was only exercising fully supervised visitation. Despite the services offered, the mother was unable to consistently maintain a sufficiently safe home for the children or to adequately supervise them. The mother, though engaging in the required services, did not make significant progress in the areas of concern such that we can say the concerns would no longer be present after an additional six months. Further, it is clear that additional delay is not in the children's best interests. The children have thrived in their foster home and are strongly bonded to the foster family. In looking to the children's "long-term nurturing and growth . . . and to [their] physical, mental, and emotional condition and needs," denial of additional delay is in the children's best interests.[9] We cannot delay permanency for a child in the hope that someday a parent will be able to provide a safe and stable home.[10] Accordingly, the mother's request for an additional six months to work toward reunification was properly denied.

**AFFIRMED.**

---

[8] *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021).
[9] *See In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020) (quoting Iowa Code § 232.116(2)).
[10] *In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018).